UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBIN CASOLINO and MICHAEL
SCHUNK,

                               MEMORANDUM AND ORDER

            Plaintiffs,                   CV 10-680

            -against-                  (Wexler, J.)

NORTHEAST SECURITIES, INC,
STEVE PERRONE, in his individual
and official capacities, MITCHEL SKLAR,
in his individual and official capacities,
and MARK SKLAR, in his individual and
official capacities,

            Defendants.
------------------------------------------------------X
APPEARANCES:

    THOMPSON WIGDOR & GILLY LLP
    BY: SCOTT B. GILLY, ESQ., DAVID E. GOTTLIEB, ESQ.
    Attorneys for Plaintiff
    85 Fifth Avenue
    New York, New York 10003

    RAYMOND NARDO, ESQ.
    BY: RAYMOND NARDO, ESQ.
    Attorney for Defendants
    129 Third Street
    Mineola, New York 11501

WEXLER, District Judge

    This is an employment discrimination action commenced by Plaintiffs Robin Casolino ("Casolino") and Michael Schunk ("Schunk") (collectively "Plaintiffs"), alleging Federal and New York and Connecticut state law claims sounding in employment discrimination. Named as Defendants are Plaintiffs' former employer, Northeast Securities, Inc. ("Northeast"), and

1

individuals Steve Perrone, Mitchel Sklar and Mark Sklar (the "Individual Defendants"). Presently before the court is the motion of all Defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety. For the reasons set forth below, the motion is denied.

## BACKGROUND

The facts set forth below are those alleged in the complaint. In the context of this motion to dismiss, those facts are accepted as true and construed in the light most favorable to Plaintiffs, the non-moving parties. See Hotel Employees Restaurant Employees Union, 311 F.3d 534, 543 (2d Cir. 2002).

### I. The Parties and the Allegations of the Complaint

Casolino and Schunk are both residents of the State of Connecticut. Defendant Northeast is a financial services firm with its principle place of business in New York, within this District. Prior to their termination, Plaintiffs were employed by Northeast in its Southport, Connecticut branch office. Defendant Perrone was Northeast's Chairman and Chief Executive Officer. Defendant Mark Sklar was a Northeast Vice President, and Defendant Mitchel Sklar was a Northeast Managing Director. Both Mitchel and Mark Sklar worked at the Southport Connecticut branch of Northeast, but are alleged to have regularly traveled to this District to conduct Northeast business.

Casolino is a female who was employed at Northeast by its corporate predecessor since 1999, and by Northeast since 2002. She alleges that she was the only woman employed at the Southport office. The complaint alleges that Casolino was subjected to disparate treatment that rose to the level of a hostile and abusive working environment. After suffering such treatment,

2

Casolino made a formal complaint of discrimination to co-Plaintiff Schunk. Schunk was the Southport Branch office manager, and the person to whom such complaints were properly referred. Plaintiffs allege that Schunk's proper investigation of Casolino's claim, led to both of their terminations.

II. Causes of Action

Plaintiff Casolino alleges Title VII claims of hostile environment employment discrimination and retaliation against Northeast. Plaintiff Schunk alleges a claim of Title VII retaliation against Northeast. The Individual Defendants are alleged to be liable as principles, and/or as aiders and abettors under the Connecticut Human Rights Act, and the New York State Human Rights Law.

III. The Motion to Dismiss

Defendants move to dismiss for failure to state a claim upon which relief can be granted. The hostile environment claim is sought to be dismissed on the ground that Plaintiff Casolino fails to set forth facts sufficient to support such a claim. The New York State claim against Defendant Perrone is sought to be dismissed on the ground that Plaintiffs fail to set forth facts showing his actual participation in the alleged acts of harassment. The Connecticut State law claims are sought to be dismissed on similar grounds. To the extent that aider and abettor liability is sought to be imposed under Connecticut law, the claim is sought to be dismissed as against Defendant Mark Sklar on the ground that he could not have aided and abetted his own conduct.

## DISCUSSION

I.     Standard For Motions To Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974, see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

While heightened factual pleading is not the new order of the day, Twombly holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Twombly, 127 S. Ct. at 1959. In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. A pleading that does nothing more that recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. While a Rule 12 motion is directed only to the sufficiency of the pleading, the

4

court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the action. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

With these standards in mind, the court turns to consider the merits of the motion.

II.   Hostile Environment

   A.   Legal Principles

Title VII provides a remedy for disparate treatment based upon a hostile environment theory. Raniola v. Bratton, 243 F.3d 610, 621 (2d Cir. 2001). To prevail on such a claim a plaintiff must show that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004), quoting, Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002). Thus, plaintiff must allege that the workplace was so "severely permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of" plaintiff's employment so as to create an "abusive working environment." Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 102 (2d Cir. 2010) (citation omitted); see Brutus, 2009 WL 4277077 *5 (citation omitted).

Importantly, in a Title VII case based upon gender, the plaintiff must show that the alleged acts of hostility occurred because of plaintiff's gender. This does not require a showing that the environment or acts of discrimination were sexual in nature; it does, however, require a showing that such acts occurred because of plaintiff's gender. Thus, the use of words with sexual connotations or content is not necessary, standing alone, to state a hostile environment

claim. Raniola, 243 F.3d at 617. Instead, the issue is whether there is evidence that "members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Durkin v. Verizon New York, Inc., 678 F. Supp.2d 124, 133 (S.D.N.Y. 2009); see Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 79 (1998). Where a plaintiff claims a hostile environment based upon such disparate treatment, she must show "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." Oncale, 523 U.S. at 80-81.

The decision of whether a complaint properly alleges a hostile environment must be decided by considering the totality of the circumstances. In that regard, it is necessary to consider matters such as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 23 (1993). If reasonable jurors could disagree as to the outcome of this question, the issue cannot be decided as a matter of law. Patterson v. City of Oneida 375 F.3d 206, 227 (2d Cir. 2004).

B.  Disposition of Hostile Environment Claims

The court has reviewed the allegations of the complaint, and holds that Plaintiff Casolino has properly stated a hostile environment claim. Without going into great detail, Plaintiff alleges both abusive treatment, and that such treatment was directed only at Casolino, on account of her gender. The specific facts regarding the nature and extent of the actual treatment, and whether a jury will ultimately reasonably decide whether those claims render Northeast liable, cannot be decided at this stage of the proceedings. The pleading is sufficient, and the court therefore denies the motion to dismiss the claim of a hostile working environment.

III. <u>State Law Claims</u>

The court also denies the motion of the Individual Defendants to dismiss the New York and Connecticut State law claims. The complaint sets forth sufficient facts to hold these Defendants liable, at the very least, as aiders and abettors under these state statutes. The court cannot make findings of fact as to issues of ownership, control or individual participation in the allegations set forth in the complaint, at the pleadings stage. The motion to dismiss the state law claims against the Individual Defendants is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied. The parties are directed to contact the assigned Magistrate Judge so that discovery can proceed. The Clerk of the Court is directed to terminate the motion to dismiss.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 21, 2010