UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBIN CASOLINO and MICHAEL
SCHUNK,

                  MEMORANDUM AND ORDER

        Plaintiffs,                  CV 10-680

        -against-                 (Wexler, J.)

NORTHEAST SECURITIES, INC,
STEVE PERRONE, in his individual
and official capacities, MITCHEL SKLAR,
in his individual and official capacities,
and MARK SKLAR, in his individual and
official capacities,

        Defendants.
-----------------------------------------------------------X
APPEARANCES:

    THOMPSON WIGDOR & GILLY LLP
    BY: DOUGLAS H. WIGDOR, ESQ., DAVID E. GOTTLIEB, ESQ.
    Attorneys for Plaintiff
    85 Fifth Avenue
    New York, New York 10003

    RAYMOND NARDO, ESQ.
    BY: RAYMOND NARDO, ESQ.
    Attorney for Defendants
    129 Third Street
    Mineola, New York 11501

WEXLER, District Judge

      This is an employment discrimination action commenced by Plaintiffs Robin Casolino ("Casolino") and Michael Schunk ("Schunk") (collectively "Plaintiffs"), alleging Federal and state law claims sounding in employment discrimination. Named as Defendants are Plaintiffs' former employer, Northeast Securities, Inc. ("Northeast"), and individuals Steve Perrone,

Mitchel Sklar and Mark Sklar (the "Individual Defendants"). Presently before the court is the motion of all Defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

## DISCUSSION

### I. Plaintiffs and Their Claims of Discrimination

Prior to their termination, Plaintiffs Casolino and Schunk were employed by Northeast in its Southport, Connecticut branch office. Defendant Perrone was Northeast's Chairman and Chief Executive Officer. Defendant Mark Sklar was a Northeast Vice President, and Defendant Mitchel Sklar was a Northeast Managing Director. Both Mitchel and Mark Sklar worked at the Southport Connecticut branch of Northeast, but are alleged to have regularly traveled to this District to conduct Northeast business.

Casolino alleges gender discrimination in the form of a hostile environment and retaliation for making complaints of discrimination. Prior to his termination, Plaintiff Schunk was the Southport Branch office manager, and the person to whom complaints of discrimination were directed. Schunk alleges a claim of retaliation stemming from his handling of Casolino's complaint.

### II. Defendants' Motion

Defendants move for summary judgment as to all claims. With respect to Casolino, Defendants argue that they are entitled to judgment on the gender discrimination claim because any harassment suffered by Casolino was nothing more than offensive office behavior that was directed equally to all employees, and had nothing to do with Casolino's gender. Casolino's retaliation claim is sought to be dismissed on the ground that she did not complain of

discrimination based upon her gender, and could not have held a reasonable belief that any such complaint was, in fact, based upon her gender. It is also alleged that Defendants' decision makers were unaware of Casolino's complaint, and cannot therefore be liable for any action taken after the making of such complaint. Summary judgment as to Schunk's claim of retaliation is sought on the ground that he did not participate in an investigation related to discrimination because Casolino did not make a complaint of gender discrimination. Finally, as to all claims, Defendants argue that the severe economic downturn suffered by their industry provides sufficient non-discriminatory reason for Plaintiffs' terminations.

III.    Standard For Motions For Summary Judgment

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party

" 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

IV. Disposition of the Motion

The court has reviewed the parties' submissions and holds that summary judgment must be denied. Sharp questions of fact exist as to whether or not Casolino was subject to discrimination based upon gender. Even if Casolino was subject to some non-gender based form of harassment, the issue of whether she made a good faith complaint of discrimination precludes the grant of summary judgment on her claim of retaliation. For similar reasons, there is a question of fact concerning Schunk's particpation in the investigation of a claim of

discrimination. Finally, while Defendants can certainly raise the issue of the economic downturn as a reason for Plaintiffs' terminations, the court cannot hold, as a matter of law, that Defendants are entitled to judgment based upon that contention.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. The parties are directed to appear for jury selection in this case on December 12, 2011 at 9:00 A.M.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 19, 2011