# RAYMOND NARDO, P.C.

ATTORNEY AT LAW

129 THIRD STREET
MINEOLA, NY 11501

(516) 248-2121 (TEL)
(516) 742-7675 (FAX)
raymondnardo@gmail.com

November 15, 2011

BY REGULAR MAIL

Hon. Leonard D. Wexler
United States District Judge
United States District Court
for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

    Re: <u>Casolino, Schunk v. Northeast Securities, et. al.
(10-CV-680)(LDW)(AKT)</u>

Hon. Judge Wexler:

I represent the defendants, Northeast Securities, Inc., Stephen Perrone, Mitchel Sklar, and Mark Sklar ("NES") in the above matter. Defendants hereby move to quash plaintiffs attempt to compel a deposition six months after discovery closed.

During discovery, plaintiffs subpoenaed Eugenia Bokios, a former General Counsel of NES, for a deposition. Bokios never appeared. Discovery closed on April 4, 2011. Plaintiffs made no motion, at that time, to compel Bokios to attend a deposition. More than six months after the close of discovery, plaintiffs filed a motion in the United States District Court, Northern District of Illinois, seeking to compel Bokios to appear at a deposition. District Judge Ronald A. Guzman initially granted plaintiffs' motion, <u>ex parte</u>. After reconsidering the issue, the Judge Guzman denied plaintiffs' motion on November 8, 2011 (Exhibit 1). At the hearing on the motion, District Judge Guzman inquired as to why the opposition was not presented to the District Judge presiding in the matter. Judge Guzman continued the case to December 1, 2011 for hearing, and requested defendants to report, at that time, whether an objection was filed in the Eastern District of New York, where the case is pending. Defendants request that this Court issue an order that discovery is closed and deny plaintiffs' motion to compel Bokios to appear for a deposition 6 months after the close of discovery.

Letter to Hon. Leonard D. Wexler
Page 2

---

This Court granted the parties 9 months to complete discovery. Through a joint request from the parties, the Court extended the close of discovery from February 2, 2011 to April 4, 2011 (Exhibit 2). In granting this extension, Your Honor So Ordered that, "There shall be no further extensions of discovery" (Exhibit 2). Plaintiffs never sought judicial intervention when Bokios did not appear for her deposition on April 1, 2011.[1] On May 12, 2011, after discovery closed, the parties had a Conference before Magistrate Judge A. Kathleen Tomlinson. At that Conference, the parties raised numerous post-discovery issues, but plaintiffs never mentioned, much less sought to compel, the Bokios deposition (Exhibit 3).

Plaintiffs have no standing to compel a deposition 6 and ½ months after discovery closed. If plaintiffs had a good faith reason to take this deposition, they were obligated to first reopen, or extend, discovery. Rojo v. Deutsche Bank, 2009 WL 3790191 *3, 06-CV-13574 (HB)(S.D.N.Y. Oct. 30, 2009), citing, Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991)("A party that seeks relief from a discovery schedule, including the reopening of discovery after it has closed, must make an application to the Court demonstrating why good cause exists to modify the schedule"). Plaintiffs did not seek to extend discovery to depose Bokios, and cannot demonstrate good cause to do so. Thus, an "application to reopen discovery should be denied where the moving party 'has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline.'" Hoffkins v. Monroe 2 Orleans Boces, 2009 WL 791290 at *6, 06-CV-6403 (CJS)(W.D.N.Y. Mar. 23, 2009)(citation omitted). Plaintiffs filed an untimely motion in the Northern District of Illinois because they knew, based on Your Honor's January 7 order (Exhibit 2), that there would be "no further extensions of discovery." Consequently, plaintiffs sought to shop for a different federal judge, in a different Court, to obtain what they could not otherwise obtain from the District Court where the dispute is pending.

Further, even if this Court had the authority to reopen discovery after six and ½ months, there is no basis to do so. For instance, in Simmons v. Robinson, 2011 WL 31066 at * 7, 07 CV 7383 (DAB)(S.D.N.Y. Jan 4, 2011), the court refused a request to depose a witness made "after the close of discovery." The Court held that plaintiff "cannot now raise the issue when he had ample time to present his request to the Court." Id. In Richardson v. City of New York, 326 Fed.Appx. 580, 582 (2d Cir. 2009), the

---

[1] Plaintiffs noticed Bokios' deposition during discovery; plaintiffs never filed a petition under Rule 27 to seek to "perpetuate" the "testimony" of Ms. Bokios.

Letter to Hon. Leonard D. Wexler
Page 3

---

Second Circuit rule that "the district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely." In <u>Fowler v. Scores Holding Company, Inc.</u>, 2010 WL 3911114, 08 CV 7796 (KNF)(S.D.N.Y. Sep. 27, 2010), the court denied a parties' request, made five days after discovery closed, to enlarge discovery.  In <u>Fierro v. Gallucci</u>, 2010 WL 1223122 at *8, 06-CV-5189 (JFB)(March 24, 2010), the District Court upheld the Magistrate Judge's ruling that a discovery motion made on April 27th was untimely where discovery closed on April.  In <u>Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. V. Coventry First LLC</u>, 2010 WL 5174759, 09 CV 1086 (VM)(S.D.N.Y. Dec. 7, 2010), the court denied plaintiffs' application to reopen depositions four months after the close of discovery.  Courts have even denied requests to extend discovery made <u>before</u> the close of discovery.  <u>Professional Sound Services, Inc. v. Guzzi</u>, 159 Fed. Appx. 270 (2d Cir. 2005).

Since plaintiffs had the benefit of 11 months of discovery, and could have presented this issue on a timely basis, they should be estopped from trying to compel a deposition in a foreign jurisdiction six months after discovery closed.  Consequently, defendants seek an order that discovery is closed and to deny plaintiffs' motion to compel a deposition of Bokios.  Thank you for your consideration and cooperation.

Respectfully submitted,

RAYMOND NARDO

RN:rn
cc:  Douglas Wigdor, Esq.