| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:     A. KATHLEEN TOMLINSON            DATE:    11/29/11
              U.S. MAGISTRATE JUDGE             TIME:    11:00 AM

*Casolino, et al. -v- Northeast Securities, Inc., et al.,* **CV-10-680 (LDW) (AKT)**

TYPE OF CONFERENCE:       **MOTION HEARING (by telephone)**

APPEARANCES:    Plaintiff     David Gottlieb

                       Defendant    Raymond Nardo

THE FOLLOWING RULINGS WERE MADE:

1. In light of the time sensitivity of the pending motion and the fact that defendants' counsel was engaged in a deposition today, I agreed that the hearing on defendants' Motion to Quash the Deposition of Eugenia Bokios [DE75] could go forward by telephone. I noted at the outset that I had reviewed and considered the papers submitted on the motion as well as the case law cited by the parties as well as other relevant case law. Counsel for both sides were given an opportunity to present further argument. This Order provides a brief summary of the Court's ruling on the motion. The full discussion of the history of discovery and the cases relied upon by the Court in reaching its determination can be found in the amplified audio record. The transcript can be obtained by contacting Courtroom Deputy Edher Montero (631-712-5765) to make arrangements to order the record.

2. I advised counsel that this Court has no jurisdiction to quash a subpoena issued out of a federal district court for another district. However, this Court does control the management of cases before it and the scheduling orders in such cases – a factor at the heart of the instant controversy which sent plaintiff's counsel recently to the Northern District of Illinois, and specifically to our colleague, Judge Ronald Guzman, to seek relief.

 The Court notes that counsel were cautioned at the Initial Conference (June 10, 2010) that this case is assigned to Judge Wexler who has a nine-month trial-ready rule and that this Court could not extend any discovery deadlines in the Case Management Order. On December 29, 2010, counsel made an application for a 60-day extension of the discovery deadline which this Court denied, without prejudice, and with the right to renew before Judge Wexler. Judge Wexler granted the extension on January 7, 2011, with the notation "There shall be no further extensions of discovery."

 The Court notes that plaintiff's counsel did serve a deposition notice and subpoena upon Eugenia Bokios, a non-party and former general counsel for the defendants, prior to the April 4, 2011 discovery deadline. The deposition was scheduled for March 24, 2011, however, Ms. Bokios did not appear. Despite the fact that the close of discovery was looming in ten days, plaintiff's counsel took no action in the Norther District of Illinois to attempt to enforce the subpoena before or even shortly after the close of discovery. Nor did counsel take any steps to bring that information to this Court's attention in a timely manner. The Court notes that between April 4, 2011 and November 15, 2011 (the date of the filing of the instant motion), the

parties either appeared before or communicated with this Court and Judge Wexler at least ten times. In fact, this Court certified the case over to Judge Wexler as trial-ready on June 22, 2011. At no time did plaintiff's counsel ever bring to this Court's attention the fact that Ms. Bokios had not appeared for her deposition back in March. At today's conference, plaintiff's counsel confirmed that the deposition had not been noticed as a *de bene esse* deposition back in March. Counsel also stated that his firm had been trying to contact Ms. Bokios since February 11, 2011, that she was not cooperating, and that the plaintiff had always intended to take Ms. Bokios' deposition. Those representations beg the question why plaintiff's law firm did not avail itself of the remedies known to it in a timely manner before discovery closed or in any way attempt to address this issue with this Court until November 2011, nearly seven months after the close of extended discovery.

Characterizing the intended testimony as a *de bene esse* deposition does not get around the problem. As discussed with counsel this morning, "[a]lthough Rule 45 of the Federal Rules of Civil Procedure allows a party to seek documents or testimony from a third-party for the purposes of trial or a hearing, district courts in this Circuit have held that parties may not issue such subpoenas 'as a means to engage in discovery after the discovery deadline has passed.'" *Rojo v. Deutsche Bank*, 2009 WL 3790191, at *3 (S.D.N.Y. Oct. 30, 2009) (quoting *Dodson v. CBS Broad., Inc.*, No. 02 Civ. 9270, 2005 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. Nov. 29, 2005)). That is precisely what has occurred here.

In reality, the plaintiff is essentially seeking to re-open discovery and that is how the Court construes the instant application by defendants' counsel, namely, as opposition to re-opening discovery. A party seeking to re-open discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery. *See, e.g.,Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"). One of the factors to be considered is whether the plaintiff here was diligent in obtaining discovery within the guidelines established by the court. *Smith v. United States,* 834 F.2d 166, 170 (10th Cir. 1987) (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984). The Court finds that the plaintiff was not diligent in obtaining the discovery counsel now seeks. Plaintiff sat on its remedies until after this case was certified as trial-ready and after Judge Wexler had rendered his decision denying summary judgment. Such conduct, for whatever reason, does not equate to diligence and does not establish "good cause" warranting the re-opening of discovery.

Although defendant's motion is denominated a motion to quash, the Court treats the motion as one opposing the re-opening of discovery, and to that extent, the motion is granted.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge